IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON KLEIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-11-956-M |
| G. A. PURYEAR IV, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION CONCERNING
REQUEST FOR "TEMPORARY INJUNCTION"**

The Plaintiff requests a "temporary injunction," attempting to prevent the Corrections Corporation of America and Cimarron Correctional Facility from:

- charging him for "postage, paper [and] copies,"

- opening his legal mail outside his presence,

- requiring him to leave his legal mail unsealed,

- "pick[ing] and choos[ing]" with whom he may correspond, and

- "harassing, tampering with, delaying in and outgoing [mail], locking [him] up in segregated housing, intensive supervision unit, unjustifiable cell searches, transferring or denying mail in or outgoing, or retaliating with misconduct."[1]

The Court should deny the request for a "temporary injunction" as premature.

---

[1]  Motion for Temporary Injunction at pp. 7-8 & Attachment (proposed order) (Aug. 22, 2011).

Mr. Klein filed the motion for a temporary injunction,[2] then a complaint,[3] and then a first amended complaint.[4] The latest version of the complaint was 834 pages.[5] The Court observed that this version of the complaint did "not comply with Fed. R. Civ. P. 8(a)," but granted Mr. Klein permission to file a second amended complaint.[6] The deadline for the second amended complaint is March 21, 2012.[7]

"The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."[8] But the Court cannot identify "the illegality alleged in the complaint" because Mr. Klein has not yet filed a second amended complaint and the existing version is a nullity based on the failure to comply with Rule 8(a)(2). Thus, there is not a valid complaint to serve as the basis for a

---

[2]   *See* Motion for Temporary Injunction (Aug. 22, 2011).

[3]   *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Sept. 12, 2011).

[4]   *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Nov. 15, 2011).

[5]   *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Nov. 15, 2011).

[6]   Order (Nov. 21, 2011); *see* Fed. R. Civ. P. 8(a)(2) (stating that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

[7]   Order (Feb. 2, 2012).

[8]   *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

preliminary injunction. In these circumstances, the motion for a temporary injunction is not ripe and should be denied on this basis.[9]

Mr. Klein may object to this report and recommendation by filing an objection with the Clerk of this Court by March 19, 2012.[10] The failure to timely object would foreclose appellate review of the suggested ruling.[11]

This report and recommendation does not terminate the referral.

Entered this 29th day of February, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[9] The suggested ruling would not prohibit the filing of a new motion for a preliminary injunction, after the filing of a second amended complaint, if the matter is otherwise ripe.

[10] *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2010 supp.).

[11] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).