IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

AARON KLEIN,                              )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )      Case No. CIV-11-956-M
                                          )
CORR. CORP. OF AMERICA, *et al.*,         )
                                          )
              Defendants.                 )

## REPORT AND RECOMMENDATION

Mr. Aaron Klein is a state prisoner who has sued under 42 U.S.C. § 1983.  Although he is unrepresented, he must comply with the same procedural requirements applicable to other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (stating that even though the plaintiff was *pro se*, he had to follow the same procedural rules governing other litigants).  But in light of the Plaintiff's *pro se* status, the Court has tried to provide guidance about how to comply with the applicable procedural requirements.  Even with this guidance, Mr. Klein has not complied and the Court should *sua sponte* order dismissal without prejudice for failure to diligently prosecute the action.[1]

The Plaintiff initiated the action by filing a motion for a temporary injunction rather than a complaint.  Doc. 1.  Ten days later, the undersigned recommended summary dismissal of the action because of the failure to file a complaint.  Doc. 6.  The Plaintiff quickly filed

---

[1]     *See SEC v. Power Resources Corp.*, 495 F.2d 297, 298 (10th Cir. 1974) (*per curiam*) ("A trial court may, on motion of a defendant or on its own motion, dismiss an action for failure of the plaintiff to prosecute it with reasonable diligence." (citations omitted)).

a complaint.  Doc. 7.  However, the caption and body of the complaint were internally inconsistent about who the defendants were.  The Court alerted the Plaintiff to the inconsistency and directed him to file a notice by October 14, 2011, listing precisely who he was naming as defendants.  Doc. 11.  The Plaintiff did not file such a list.

Instead, Mr. Klein said that he wanted to add defendants and issues.  Doc. 12.  The Court granted the request, allowing the Plaintiff to amend the complaint by November 14, 2011.  Doc. 13.

At the Plaintiff's request, the Court provided Mr. Klein with 60 additional days to file the amended complaint.  Doc. 16.  The new deadline was January 13, 2012.  *See* Doc. 16.

The Plaintiff filed the first amended complaint, but the document was 834 pages. Doc. 19.  Six days later, the Court explained to Mr. Klein that the 834-page complaint was defective under the procedural rules and gave him an opportunity to file a second amended complaint by December 8, 2011.  Doc. 20.  In doing so, the Court explained how Mr. Klein could cure the defect and told him that he could seek an extension if he needed additional time.  Doc. 20.

Mr. Klein requested and obtained three more extensions, and the Court ultimately extended the deadline to March 21, 2012.  Docs. 23-24, 30-31, 34-35.  In granting the second extension of time, the Court stated:

> The Court reminds Mr. Klein that the second amended complaint must comply with Fed. R. Civ. P. 8(a) and that the failure to timely comply with this order and Rule 8(a) could result under the rules in waiver of the right to file the second amended complaint and/or dismissal of the action.

2

Doc. 31.

The Plaintiff's deadline for a second amended complaint expired over two months ago. But the Court cannot use the prior version of the complaint (the 834-page first amended complaint) because it was defective for reasons explained to Mr. Klein over six months ago. *See* Doc. 20. And the original complaint was defective, as it was internally consistent regarding the defendants. Doc. 11; *see supra* p. 2.

With two invalid complaints and a failure to cure the defects through a second amended complaint, the action remains at a standstill. After roughly eight months, the Court still does not know who the defendants were intended to be in the original complaint and the first amended complaint was defective.

The Court recognizes that Mr. Klein is a layman and has attempted to guide him in how to cure the pleading defects in the original and first amended complaints and to liberally extend the deadlines for compliance. But after three extensions of time and expiration of the deadline over two months ago, the Court has been unable to advance the action without the filing of a second amended complaint. In these circumstances, the Court should *sua sponte* order dismissal without prejudice for failure to diligently prosecute the action. *See AdvantEdge Business Group, L.L.C. v. Thomas E. Mestmaker & Associates*, 552 F.3d 1233, 1236 (10th Cir. 2009) (stating that the district court can dismiss an action without prejudice,

for failure to prosecute, "'without attention to any particular procedures'" (citation omitted)).[2]

Mr. Klein can object to this report by filing an objection with the Clerk of this Court by June 18, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.). The failure to timely object would foreclose appellate review of the recommended ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral has been discharged.

Entered this 30th day of May, 2012.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[2]     The court must address certain criteria before ordering a dismissal when it is with prejudice. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n.10 (10th Cir. 2007). However, these criteria need not be considered when the dismissal is without prejudice. *See id.*